## Brainard & Geoffroy *v.* James R. Head, Sheriff.

15 489
45 1225
─────
15 489
50 121

Where a slave in the custody of a Sheriff, under an execution, escapes by *breaking the jail,* in consequence of its defective construction, or its want of necessary repairs, and not in consequence of the Sheriff's negligence in securing the entrances into the jail, which are under his special care and control, the Sheriff is not responsible.

The fact, that a slave thus escaped remained in the parish and was occasionolly seen by other persons for some time after his escape, are not inconsistent with a faithful discharge of the Sheriff's duty, unless it be proved that the knowledge of these facts was brought home to the Sheriff, and he neglected or refused to act upon them.

Where a conditional order is issued by a Judge to a Sheriff, and the facts which constituted the proviso or condition are true, the order becomes in effect a peremptory mandate to the Sheriff.

Where an order of a Judge has been granted in error of fact, although that error of fact is known to the Sheriff when he executes the order, his duty is to obey and execute the lawful mandates of the court, and in the discharge of this duty, he is justified and protected by the law, and cannot be held liable in damages.

APPEAL from the District Court of the Parish of Bienville, *Egan,* J.
J. D. *Watkins,* for plaintiffs and appellants. *Morrison & Purvis,* for defendant.

Land, J. This suit is for the recovery of the amount of an execution which came into the hands of defendant, as Sheriff of the parish of Bienville, on the grounds of negligence and the omission of his official duties.

It appears that the defendant seized a slave called *Alfred,* under a writ of *fieri facias* issued at the suit of the plaintiffs against *Giffin & Leverrett,* and placed the slave for safe keeping in the Parish Jail of Bienville ; and .that the slave escaped from jail and was not retaken by the defendant, although he (the slave) remained and was seen occasionally in the parish by other persons, for some time after his escape.

It further appears, that after the escape of *Alfred,* the Sheriff informed the plaintiffs' attorneys of the escape, and at their instance, seized the slave *Mary* and her children, as the property of the defendant in execution, under the same writ ; and that, after the seizure of *Mary* and her children, the defendants in execution executed their forthcoming bond with security, as permitted, and in the form prescribed by the statute, for the faithful delivery of these slaves to the Sheriff on the day fixed for the sale ; and that after the giving of the forthcoming bond, the defendants made application to the District Judge for a reduction of the seizure to an amount only sufficient to satisfy the execution in the Sheriff's hands, and that the Judge ordered the seizure of *Mary* and her children to be released, *provided* that the amount of the judgment in favor of plaintiffs had been correctly stated in the petition of the defendants in execution for a reduction of the seizure, and that the slave *Alfred* was unencumbered to a sufficient amount to satisfy said judgment, interest and costs ; and finally, that the Sheriff released the seizure of *Mary* and her children, by virtue of the order of the Judge.

It is contended, in the first place, that the Sheriff was guilty of negligence in not preventing the escape of *Alfred* from the Parish Jail ; and that he was also guilty of negligence in not retaking him after his escape.

The slave effected his escape by *breaking the jail,* in consequence of its defective construction, or its want of necessary repairs, and not in consequence of the Sheriff's negligence in locking the doors, or otherwise securing the other en-

62

trances into the jail, which were under his special care and control. Under such circumstances, the Sheriff is not responsible for the escape of a slave under seizure from jail. It is not his fault, that the jail was defectively constructed, or that it was in want of the necessary repairs in order to make it a place of safe custody or confinement.

The evidence fails to establish the negligence of the Sheriff in not retaking the slave after his escape. The Sheriff sought to retake him, but without success. The facts, that the slave remained in the parish, and was occasionally seen by other persons, for some time after his escape, are not inconsistent with a faithful discharge of the Sheriff's duty, unless those facts were within his knowledge at the time, and he neglected or refused to act upon them. Such knowledge is not brought home to the Sheriff, by the evidence, and the court cannot presume it against him.

It is contended, in the second place, that the Sheriff is responsible for releasing from seizure the slave *Mary* and children, under the order of the Judge, because *Alfred* had escaped from jail before the release, and had not been retaken, and because the order of the Judge had been granted on an allegation of the defendants in execution, that *Alfred* was under seizure, with *Mary* and her children, for the satisfaction of the plaintiffs' judgment, and the order was, besides, in itself, not absolute, but conditional.

It is manifest, that the escape of the slave *Alfred* was unknown to the Judge when he granted his order ; and it is equally manifest, that the fact of escape was known to the Sheriff, when he executed the order by releasing the seizure of *Mary* and her children.

It is to be observed, that the facts which constituted the *proviso* or *condition* on which the Judge made the execution of his order by the Sheriff to depend, were, as matters of fact, all true, that is to say, the amount of the judgment due the plaintiffs had been correctly stated in the petition of the defendants in execution, for a reduction of the seizure, and there were no mortgages or encumbrances on the slave *Alfred*, to deprive the plaintiffs of any part of the proceeds of his sale, under their writ. But the order of the Judge had been granted in error of fact, and that error of fact was known to the Sheriff when he executed the order, which has resulted in damage to the plaintiffs, as they contend.

Is the Sheriff responsible to the plaintiffs, under these circumstances ? In our opinion, he is not. The facts which constituted the *proviso* or *condition* of the order being true, the order itself was in effect a peremptory mandate to the Sheriff to release the slaves. A Sheriff has no legal right to question either the facts, or the law, of any decree, order or judgment rendered by a court, or Judge of competent jurisdiction. His duty is to obey and execute the lawful mandates of the court ; and in the discharge of this duty, he is justified and protected by the law, and, as a consequence, cannot be held liable in damages.

It is contended, in the third place, that the Sheriff is responsible, because he failed to return the writ of *fieri facias* sued out on plaintiffs' judgment, within seventy days, and failed to return to the Clerk's office the forthcoming or delivery bond for *Mary* and her children, and to certify its forfeiture. On this point, it is only necessary to observe, that as matters of fact, they do appear to be sustained by the evidence in the record. The writ appears to have been returned within the time prescribed by law.

It is, therefore, ordered, adjudged and decreed, that the judgment of the lower court be affirmed, with costs.